# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIX ESTRELLA,<br><br>        Plaintiff,<br><br>        v.<br><br>A. HEDGPETH, et al.,<br><br>        Defendants.<br>_____ / | CASE NO. 1:08-cv-01814-SMS PC<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO FILE AN AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(Doc. 1) |

**Screening Order**

**I.    Screening Requirement**

Plaintiff Felix Estrella ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 26, 2008.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1    "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
2 exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
3 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and
4 plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).
5 "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the
6 grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading
7 standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330
8 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements
9 of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257
10 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

11 **II.     Summary Plaintiff's Complaint**

12        **A.     Plaintiff's Allegations**

13    Plaintiff is currently housed at Kern Valley State Prison in Delano. Plaintiff alleges that his
14 rights under the Eighth Amendment of the United States Constitution are being violated with respect
15 to the failure to provide adequate medical care his back injury.

16    Plaintiff alleges his suffered injuries to his back at Folsom State Prison in 2001 and at
17 California State Prison-Lancaster in 2003. In 2005, Plaintiff began suffering pain so severe pain that
18 it caused his right leg to drag. Plaintiff received an MRI on April 21, 2006, and while at Mercy
19 Hospital in Bakersfield on July 11, 2006, for a consultation on the MRI results, Plaintiff was
20 admitted an emergency laminectomy for severe lumbar spinal stenosis.

21    Plaintiff alleges that following his return to Kern Valley State Prison, medical staff refused
22 to provide follow-up care. Plaintiff alleges that he had to walk over a mile to get a pain pill, and staff
23 refused or ignored his requests to have his bandage cleaned and changed. Plaintiff alleges his
24 bandage was changed once in fourteen days, and that as a result of staff negligence, including the
25 failure to house him in a hospital setting where his wound would have been checked by a doctor, his
26 incision became infected. On August 26, 2006, Plaintiff was taken to Mercy Hospital for a follow-
27 up and was admitted to have his infected incision treated.
28 ///

Plaintiff alleges that he had been prescribed medication by Dr. Spaeth through September 29, 2007, but it was discontinued for no apparent reason by Dr. Qumar, leaving him in severe and constant pain. Plaintiff also alleges that Correctional Officer Cruz misled a nurse at the medical department by telling her that Plaintiff was refusing medical treatment. As a result, Plaintiff was denied medical attention. Finally, Plaintiff alleges that he complained to Dr. Lopez via an inmate appeal about Dr. Qumar's discontinuation of his medication, but Dr. Lopez told him to submit a medical form, causing a delay in the obtainment of medical attention.

### B.     Plaintiff's Eighth Amendment Medical Care Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff's complaint contains numerous references to medical staff's negligence. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the

Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). Negligence is not sufficient to meet this standard. Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).

Although Plaintiff alleges in part that he was not receiving adequate treatment for his pain, the exhibits attached to Plaintiff's complaint demonstrate that Plaintiff was receiving medication for his pain. Because neither a difference of opinion between Plaintiff and his doctors, Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981), nor a difference of opinion between medical personnel states a claim for violation of the Eighth Amendment, Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989), Plaintiff's belief that he should have been receiving different medications is not sufficient to state a claim.

Plaintiff's complaint does not set forth facts that would support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer, 511 U.S. at 837. The Court will provide Plaintiff with the opportunity to amend, if he believes in good faith that prison officials were deliberately indifferent to his medical needs. Plaintiff is cautioned that "there is no pure *respondeat superior* liability under § 1983, [and] a supervisor [may only be held] liable for the constitutional violations of subordinates 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)). Therefore, named defendants Warden Hedgpeth and Chief Medical Officer Youseff may not be held liable merely because they hold positions of authority.

**III.  Conclusion and Order**

Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to amend to cure the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints)

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,

Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint is dismissed, with leave to file an amended complaint within **thirty (30) days** from the date of service of this order; and
3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:   February 17, 2009**          /s/ Sandra M. Snyder
                                   UNITED STATES MAGISTRATE JUDGE