# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIX ESTRELLA, | CASE NO. 1:08-cv-01814-SMS PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983, AND DIRECTING CLERK OF THE COURT TO ENTER JUDGMENT |
| v. | |
| A. HEDGPETH, et al., | |
| Defendants. | (Doc. 7) |

**Screening Order**

**I.    Screening Requirement**

Plaintiff Felix Estrella, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 26, 2008.  On February 17, 2009, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state any claims.  Plaintiff filed an amended complaint on March 23, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

## II.     Claims Arising From Denial of Adequate Medical Care

### 1.     Plaintiff's Allegations

Plaintiff, who is currently housed at Kern Valley State Prison in Delano, California brings this action against prison officials for denying him adequate medical care, in violation of the Eighth Amendment of the United States Constitution. In 2001, Plaintiff sustained an injury while housed at Folsom State Prison. In the summer of 2003, Plaintiff injured his spine while working on the yard crew at Lancaster State Prison. Plaintiff was seen by Doe 1, a nurse at Lancaster, who issued him crutches and Tylenol but did not arrange for him to be seen by a doctor. Subsequently, Plaintiff was seen by Doe 2, a doctor, who ordered x-rays and told Plaintiff he had arthritis.

Shortly thereafter, Plaintiff was transferred to Corcoran State Prison and housed in the Security Housing Unit. Plaintiff requested an MRI, but was told by Dr. Michaels that MRIs were expensive and were discouraged by the Department of Corrections.

In 2005, Plaintiff was housed at Mule Creek State Prison, where he suffered from pain so severe that it impaired his ability to walk and he dragged his right leg. Plaintiff's requests for an MRI and diagnostic procedures were again denied.

On April 26, 2006, following Plaintiff's transfer to Kern Valley State Prison, an MRI for Plaintiff was finally ordered by Defendant Dr. Spaeth. At that point, Plaintiff's right leg was dragging significantly and Plaintiff had been constantly requesting an MRI for the past three years.

Plaintiff was taken to Mercy Hospital on July 11, 2006, where Dr. Rahimifar conducted the MRI and immediately thereafter instructed his nurse to admit Plaintiff for emergency surgery to

prevent paralysis. Plaintiff underwent a laminectomy for severe lumbar spinal stenosis. Plaintiff was hospitalized for five days and then returned to Kern Valley State Prison.

Upon Plaintiff's return, medical staff failed or refused to provide follow-up care and on August 16, 2006, Plaintiff requested pain medication and was forced to walk over a mile to receive a pain pill. Further, Plaintiff's requests to have his bandages cleaned and changed were denied except for one occasion.

Plaintiff alleges that upon his return to the prison, he should have been housed in a clean, hospital-like environment "for an acceptable amount of time," and where he would have been seen by a doctor in fewer than two weeks, at which time an infection had already set in, causing Plaintiff's back to redden and swell. (Doc. 7, Amend. Comp., court record p. 7, lns.11-16.)

On August 29, 2006, Plaintiff was taken back to Mercy Hospital for a post-operative follow-up. At that time, Plaintiff's infection was discovered and he was admitted for incision and drainage of the infected wound.

On December 27, 2007, Plaintiff was under the care of a surgical specialist for a spinal issue and was prescribed medication through September 29, 2007, by Defendant Dr. Spaeth.[1] However, Defendant Dr. Qumar discontinued the medication, leaving Plaintiff in severe and constant pain. Plaintiff filed an inmate appeal, which was granted by Defendant Ali, a nurse.

On one occasion, Defendant Cruz, a correctional officer, misled a nurse at the medical department, by telling her that Plaintiff was refusing medical treatment, which led to the denial of medical attention for Plaintiff.

On September 11, 2007, Plaintiff submitted an inmate appeal to Defendant Dr. Lopez, the Chief Medical Officer, informing him that his subordinate, Dr. Qumar, "was not meeting the necessary standard of pain management," which triggered Lopez's duty to investigate Dr. Qumar's practices. (Id., p. 9, lns. 16-22.) However, Dr. Lopez instructed Plaintiff to submit a medical form, which led to further delay.

///

---

[1] Plaintiff may have intended to allege December 27, 2006.

Plaintiff alleges that the pain medications he was on were ineffective, and on November 26, 2007, while Plaintiff was "visiting pain management on Tehachpai," it was recommended by medical staff that Plaintiff be placed on a pain patch. (Id., p. 10, lns. 6-8.) Further, a doctor recommended surgery for Plaintiff's neck and back, which has not yet occurred.

### B.     Defendants Spaeth, Qumar, and Cruz

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citing McGuckin at 1060 (internal quotations omitted)). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, No. 07-36018, 2009 WL 2052985,
///

*5-6 (9th Cir. July 16, 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

Although Plaintiff has adequately alleged a serious medical need, Plaintiff has not alleged facts sufficient to support his claim that Defendants Spaeth and Cruz  "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ."  Farmer, 511 U.S. at 837.  Defendant Spaeth is described as having finally ordered an MRI in 2006 and prescribing pain medication which was subsequently discontinued by Defendant Qumar.  These allegations do not support a claim against Spaeth for violation of the Eighth Amendment.

Defendant Cruz allegedly falsely stated that Plaintiff was refusing medical treatment, which led to Plaintiff's inability to obtain care on that occasion.  That allegation falls wells short of stating a plausible claim for relief against Defendant Cruz.  More than mere negligence or an isolated occurrence of neglect is needed to state a claim.  McGuckin, 974 F.2d at 1060 (citations omitted).  Here, Plaintiff's factual allegations do not support a claim that Defendant Cruz was aware of a substantial risk of serious harm to Plaintiff.  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).

Finally, Defendant Qumar allegedly discontinued the pain medication prescribed by Dr. Spaeth.  The needless suffering of pain may be sufficient to demonstrate further harm.  Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002).  However, neither "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim," Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted), nor a difference of opinion between medical personnel regarding treatment does not amount to deliberate indifference, Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  Plaintiff's amended complaint does not set forth sufficient facts to bridge the gap between a mere possibility of misconduct and a plausible claim that Defendant Qumar acted with deliberate indifference toward Plaintiff.  Iqbal, 129 S.Ct. at 1949-50; Moss, 2009 WL 2052985, *5-6.

**C.    Defendant Hedgpeth, Lopez, and Ali**

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."  Iqbal at 1948.  Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore,

5

Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49. Further, "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation," George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007), and those defendants who were involved only to the extent that they considered Plaintiff's grievances regarding his medical care may not be held liable.

Here, Plaintiff is attempting to impose liability on Warden Hedgpeth because he "has a ministerial duty to provide adequate medical care to those in his custody," and he had notice of the shortcomings of medical staff but failed to correct their actions and/or omissions. (Amend. Comp., p. 5, lns. 14-19.) Plaintiff alleges that Hedgpeth remained indifferent to his duties despite being copied with the Director's Level response to Plaintiff's inmate appeal. Defendant Lopez was involved in responding to one of Plaintiff's inmate appeals at the first formal level of review, and Defendant Ali responded to two other inmate appeals submitted by Plaintiff. (Id., pp15, 16, 21, 28, 29.)

Liability arising from the alleged denial of medical care may not be imposed on Warden Hedgpeth and Chief Medical Officer Lopez based on their rank or position. There is no vicarious liability under section 1983, id. at 1948-49, and Plaintiff's amended complaint contains no factual allegations demonstrating that either Defendant was personally involved in Plaintiff medical treatment. Further, Defendants Lopez and Ali's consideration of Plaintiff's inmate appeals provides no basis for the imposition of liability under section 1983. George, 507 F.3d at 609. Plaintiff's allegations do not support a claim that Defendants Hedgpeth, Lopez, and Ali were personally involved in acting with deliberate indifference to Plaintiff's serious medical needs. Iqbal at 1949-50.

### III.   Conclusion and Order

Plaintiff's amended complaint fails to state a claim for relief under section 1983. Plaintiff was previously provided with notice of the deficiencies in his claims and the opportunity to amend, but has been unable to state a claim. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

///

///

///

1 | Accordingly, this action is HEREBY DISMISSED, with prejudice, for failure to state a claim under section 1983, and the Clerk of the Court shall enter judgment.

IT IS SO ORDERED.

**Dated:   August 10, 2009**                   /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE